Williams, J.
 

 It is contended that the petition shows on its face that there is a misjoinder of parties defendant for the reason that a joint liability against them is not pleaded, and that the motion to quash was therefore properly sustained. It must be conceded that if the petition does not contain allegations showing such joint liability, service upon the defendant, The Canton Provision Company, was properly quashed.
 
 Gorey
 
 v.
 
 Black,
 
 100 Ohio St., 73, 125 N. E., 126;
 
 Stark County
 
 
 *46
 

 Agricultural Soc.
 
 v.
 
 Brenner, an Infant,
 
 122 Ohio St., 560, 573, 172 N. E., 659.
 

 It has been held that a retailer of unwholesome meat is liable in tort to the user for damages proximately resulting from the sale in accordance with the provisions of Section 12760, General Code.
 
 Portage Markets Co.
 
 v.
 
 George,
 
 111 Ohio St., 775, 146 N. E., 283. The food product in that case seems not to have- been in the original package but in the form of a veal roast. With reference to the packer or producer of food products it is now the general rule that where he is guilty of negligence in furnishing unwholesome food to a consumer through a retailer a liability arises for injury proximately resulting to the user from eating the harmful foodstuff. Contractual relationship between the producer and injured person is not an essential element of liability.
 
 Minutilla
 
 v.
 
 Providence Ice Cream Co.,
 
 50 R. I., 43, 144 A., 484; 63 A. L. R., 334.
 

 We may then assume for the purpose of inquiry that the petition contains a sufficient charge of actionable negligence against each defendant; nevertheless the wrongdoing was not joint in character, for the reason that under the facts pleaded the liability of the defendant, The Canton Provision Company, was primary and that of the defendant, Albert J. Kwiecinsld, secondary. A manufacturer of unwholesome food is not only liable for the sale to the consumer through a retailer, but also to the retail dealer, in a proper case, for damages for loss of business and reputation resulting from re-sale of the injurious product.
 
 Neiman
 
 v.
 
 Channellene Oil & Mfg. Co.,
 
 112 Minn., 11, 127 N. W., 394, 140 Am. St. Rep., 458;
 
 Mazetti
 
 v.
 
 Armour & Co.,
 
 75 Wash., 622, 135 P., 633, Ann. Cas., 1915C, 140, 48 L. R. A. (N. S.), 213.
 

 The facts pleaded show that the liver pudding was manufactured and sold by The Canton Provision Company in the original sealed package, but fail to allege actual knowledge of the unwholesome character of the
 
 *47
 
 food on the part of the defendant, Albert J. Kwieeinski, at the time of his purchase of it from the manufacturer. The specific allegation of the petition is that the defendants “knew, or by the exercise of ordinary care should have known” thereof. If there were a recovery by plaintiff against the retailer, he, not having actual knowledge of the presence of the deleterious substance in the package at that time, could recover over against the manufacturer. The principle that two tort-feasors cannot be joined as defendants in an action for injuries arising out of their concurrent acts where one is primarily and the other secondarily liable to the party injured is recognized in this state. Under such circumstances the torts are related but not joint.
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 335, 48 N. E., 1097;
 
 Village of Mineral City
 
 v.
 
 Gilbow,
 
 81 Ohio St., 263, 90 N. E., 800, 25 L. R. A. (N. S.), 627;
 
 Bello
 
 v.
 
 City of Cleveland,
 
 106 Ohio St., 94, 103, 138 N. E., 526. This doctrine also receives some attention in
 
 Agricultural Society
 
 v.
 
 Brenner, supra.
 

 When the manufacturer wrongfully puts on the market unwholesome food in the original package by sale to the retailer, who he knows will resell it to customers, he commits an act of malfeasance which may injure both retailer and customers. The shelves of the modern grocer are considerably filled with canned and sealed package goods. Neither the dealer nor the prospective customer can know the character of the contents without opening the can or breaking the package. Both are at the mercy of the careless producer and each class of buyers must be protected. But the tort of him who creates the food products is wholly different from that of the distributor because of the primary character of the one and the secondary character of the other. The defendants were not joint tortfeasors.
 

 Some authorities have been cited to sustain the theory that the liability on the part of each defendant
 
 *48
 
 arose out of the breach of an implied warranty that the food product sold was fit for food. An implied contract of warranty requires a meeting of the minds the same as does an express contract.
 
 Columbus, H. V. & T. Ry. Co.
 
 v.
 
 Gaffney,
 
 65 Ohio St., 104, 61 N. E., 152. There was no privity of contract between the plaintiff and either of the defendants for the petition alleges that the liver pudding was purchased by the plaintiff’s mother. Any liability that exists in the instant case therefore necessarily arises out of tort.
 

 It is maintained, however, that the defendant, The Canton Provision Company, entered its appearance in the action by filing the motion to quash. If by the motion the defendant company appeared for the sole purpose of objecting to jurisdiction of the person and raised that question only there would be no entry of appearance upon the merits.
 
 Smith
 
 v.
 
 Hoover,
 
 39 Ohio St., 249;
 
 Klein
 
 v.
 
 Lust,
 
 110 Ohio St., 197, 205, 143 N. E., 527.
 

 The defendant company in its motion recited that it disclaimed any intention of entering its appearance save for the purpose of the motion, and asked for an order to quash service of summons for the reason that it was a resident of Stark county and the action was •not properly brought in Summit county against it. This recital was but one way of saying that the court did not have jurisdiction over the person.
 

 In the case of
 
 Adams
 
 v.
 
 Trepanier Lumber Co.,
 
 117 Ohio St., 298, 158 N. E., 541, 55 A. L. R, 1118, the motion was to discharge the attachment, with a statement therein indicating the sole intention of raising the question of jurisdiction over the person, and the court held that there was nó entry of appearance upon the merits.
 

 In the instant case the objective was the quashing of service. The determination of the validity of service in no way involved the question of jurisdiction of the subject matter. Jurisdiction in the latter sense mepnss
 
 *49
 
 the power to hear and determine after binding service or entry of appearance. The motion filed in this case only raised the question whether the moving defendant had been brought into court by valid process and jurisdiction of the person obtained. The filing of the motion in such form did not amount to entry of appearance upon the merits, and as the petition showed on its face that there was- no joint liability the trial court properly sustained the motion to quash.
 

 The Court of Appeals committed prejudicial error in reversing the judgment of the Court of Common Pleas, and the judgment of the Court of Appeals will be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.