Hast, J.
 

 The defendant The Nickel Plate Bailroad Company contends that its failure, if any, to repair the bridge in question does not impose upon it a tort liability in favor of the plaintiff as a third person, but that its liability, if any, is limited to a breach of its contract with the city of Cleveland which alone is entitled to call upon it to respond in damages and then
 
 *25
 
 only when the city has sustained a loss in the payment of a judgment rendered as a result of the lack of repair of the bridge in question.
 

 In many cases and under many circumstances a railroad company has been held liable to third persons who suffered injury as a direct and proximate result of its failure to perform its contract with a municipality to construct and maintain a bridge over its tracks within such municipality. Its liability in this regard depends upon the terms of the particular contract under consideration as affected by any ordinance, or statute in force within the municipality relating to the construction and maintenance of such bridge.
 

 In this state, in the absence of an express contract to the contrary, the maintenance of a street or highway bridge over a railroad within a municipality must be borne by the municipality. Section 8889, General Code;
 
 City of Bucyrus
 
 v.
 
 Penna. Rd. Co.,
 
 127 Ohio St., 301, 188 N. E., 355. Therefore, no liability can be asserted against the railroad company by third persons who may have sustained injuries because of the defective condition of the bridge unless the railroad has breached its contract with the city for such maintenance and repair.
 

 The ordinance which defines and measures the obligation of the Nickel Plate Railroad Company to the city of Cleveland contains a clear condition to the effect that the railroad is obligated to maintain the bridge and make repairs thereon “as and when .the same shall become necessary
 
 upon the request of the city council-,”
 
 and that the obligation to rebuild the pavement on such bridges arises only “whenever any defect appears in the pavement attributable to deterioration or defects in the structural members of the bridge, * * *
 
 when required by the city council.”
 
 (Italics ours.)- There is no claim or evidence in the record that the city council ever notified, demanded
 
 *26
 
 or requested the defendant The Nickel Plate Railroad Company to repair or repave that part of the bridge where plaintiff was injured. Under such circumstances no liability accrued against The Nickel Plate Railroad Company in favor of either the city of Cleveland or the plaintiff, and the motion of the defendant railroad company for a directed verdict should have been sustained.
 

 In its charge to the jury, the court said: “The court further instructs you that if you violate an ordinance or statute of, the state of Ohio it is negligence in and of itself, said legally[,] ‘negligence
 
 per se.’ ”
 
 The court did not limit this section of the charge to any defendant and the city claims it was improper, erroneous and prejudicial as to it because its liability, if any, must be predicated upon nuisance.
 

 This court in the case of
 
 Selden
 
 v.
 
 City of Cuyahoga Falls,
 
 132 Ohio St., 223, 6 N. E. (2d), 976, held that under the provisions of Section 3714, General Code, the term nuisance is not synonymous with negligence, although a nuisance may be the consequence of a negligent act; and that while acting in a governmental capacity a municipality incurs no liability in tort for common-law negligence. In this connection, Chief Justice Weygandt of this court said in his opinion in that case that “under the settled rule the defendant incurred no liability in tort by reason of any common-law negligence.
 
 City of Akron
 
 v.
 
 Butler,
 
 108 Ohio St., 122, 140 N. E., 324;
 
 City of Wooster
 
 v.
 
 Arbenz,
 
 116 Ohio St., 281, 156 N. E., 210, 52 A. L. R., 518. Consequently it was erroneous for the trial court to charge the jury on this subject.”
 

 The court in the instant case called the attention of the jury to the provisions of Section 3714, General Code, properly defined nuisance, and -properly charged in accordance with the case above referred to, to the
 
 *27
 
 effect that under this statute the defendant city was required to keep its streets open, in repair $nd free from nuisance, but the court, at the very close of its charge, in response to various requests and suggestions of counsel, gave as a special charge out of order the charge on negligence
 
 per se
 
 as above quoted. The logical inference to be drawn by the jury was that the charge of the court on the subject of negligence
 
 per se
 
 related to a claim that Section 3714, General Code, had been violated by the city and that as a result the city was subject to the negligence
 
 per se
 
 rule. And, since no particular type of statute or ordinance was referred to in the special charge, the jury may have erroneously applied it to the ordinances relating to the obligations of the defendants The Nickel Plate Railroad Company and The Cleveland Railway Company, with reference to the maintenance and repair of the bridge in question, which ordinances were the subject of consideration in this case.
 

 This court has heretofore adopted the rule that the violation of a specific requirement of a safety statute does not constitute merely
 
 prima facie
 
 negligence as is held in some jurisdictions, but constitutes negligence as a matter of law, or negligence
 
 per se.
 
 The rationale of this rule is that the non-observance of what the Legislature has prescribed as a suitable precaution, is a failure to observe that care which an ordinarily prudent person would observe. In other words, when the state regards certain acts as so likely to injure others as to justify their absolute prohibition, or their performance so necessary to avoid injury to others as to require such performance, the doing the thing forbidden or the failing to do the thing commanded is a breach of duty with respect to those who may be injured thereby; or, differently expressed, when the standard of care is fixed by law, failure to conform to such standard is negligence without further proof of it.
 

 
 *28
 
 The question here presented is, under what circumstances,* if at all, may a municipality he charged with negligence
 
 per se
 
 as a result of its failure to meet its obligation under Section 3714, G-eneral Code. It should be observed at the outset that this section of the statute imposes a duty upon the municipality only as to a governmental function as distinguished from a proprietary function, and as a consequence the statute must be strictly construed in favor of the municipality.
 
 Davis
 
 v.
 
 Charles Shutrump & Sons Co.,
 
 140 Ohio St., 89, 95 and 96, 42 N. E. (2d), 663. It imposes a general or abstract duty upon a municipality to keep its streets and public ways open, in repair and free from nuisance, but it does not make any specific act or conduct on the part of the municipality violative of the statute.
 

 Moreover, when the nuisance is not directly created by the municipality itself, as in this case, it must have notice, actual or constructive, of the condition which constitutes the nuisance before it can be charged with a violation of the statute, and this requires proof beyond that of the mere existence of the nuisance itself.
 

 The language of Judge Matthias, in his opinion in the case of
 
 Swoboda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 522, 196 N. E., 274, is illuminating on this subject. He says:
 

 “Where a specific requirement is made by statute and an absolute duty thereby imposed, no inquiry is to be made whether the defendant acted as a reasonably prudent man, or was in the exercise of ordinary care. In such a situation, the obligation and requirement has been fixed and established by law, and the conduct of any person which is violative of such specific statutory requirement is illegal and if it proximately results in injury to one to whom a legal duty is owed, the transgressor is liable for the resulting damage. In such case, the jury is not called upon to determine whether the conduct constituted negligence;
 
 *29
 
 it determines' only whether the act prohibited was committed or the act required by law was omitted, as the case may be. The violator of such specific requirement of law is liable irrespective of the question as to whether his act is such as is deemed to meet and satisfy the test of ordinary or reasonable care which would be applied in the absence of such statutory definition and imposition of an absolute duty, such as, for instance, the absolute and' specific requirement as to-headlights. Where the standard of duty is thus fixed and absolute, it being the same under all circumstances,, the failure to observe that requirement is clearly negligence
 
 per se.
 
 But where duties are undefined, or defined only in abstract or general terms, leaving to the jury the ascertainment and determination of reasonableness and correctness of acts and conduct under the proven conditions and circumstances, the phrase negligence
 
 per se
 
 has no application.”
 

 The negligence
 
 per se
 
 rule has to do with the proof of negligence. Under the rule, proof of the violation of' a safety statute dispenses with the proof of specific acts of negligence which constitute the violation of the statute. Likewise, the application of the doctrine of
 
 res ipsa loquitur
 
 has to do with proof, and dispenses in the first instance with the proof of specific conduct by the proof of certain disastrous results following such conduct, casting upon the defendant the-burden of explaining away inferences of negligence on his part arising from such result. This court has held that the doctrine of
 
 res ipsa loquitur
 
 has no application to a charge against a municipality for a violation of Section 3714, General Code, but that in order to make out a case of nuisance against such municipality there must be proof of its tortious conduct either in creating the nuisance or in permitting it to exist,, after notice.
 
 City of Cleveland
 
 v.
 
 Amato,
 
 123 Ohio St., 575, 176 N. E., 227;
 
 City of Cleveland
 
 v.
 
 Pine,
 
 123 Ohio St., 578, 176 N. E., 229, 74 A. L. R., 1224.
 

 
 *30
 
 In the
 
 Amato case
 
 above cited, Judge Matthias again said:
 

 “We are of the opinion that the doctrine of
 
 res ipsa loquitur
 
 has no application to this case. The duties and obligations imposed by the statute are in derogation of the common law, and the rule of strict construction therefore applies. Liability of a municipality arises only upon proof that its agents or officers actively created the faulty condition, or that it was otherwise caused and the municipality had actual or constructive notice of its existence.”
 

 For reasons herein stated, this court is of opinion that the doctrine of negligence
 
 per se
 
 does not apply to a charge against a municipality for violation of Section 3714, General Code, requiring it to keep its streets and public ways open, in repair and free from nuisance.
 

 The charge of the court as to negligence
 
 per se
 
 under the circumstances shown in the record, was erroneous and prejudicial to the defendant city. Likewise, since no ordinance or statute was pointed out to which the charge could have application, it was erroneous and prejudicial as to the defendants The Nickel Plate Railroad Company and The Cleveland Railway Company.
 

 The petition in this case alleged that the defendants were “jointly and severally negligent and careless” in certain respects. The prayer of the petition was for “judgment against the defendants.” The court in its general charge to the jury said:
 

 “Now, ladies of the jury, if you come to the conclusion from a preponderance of the evidence, first, that The Cleveland Railway Company, allowed this particular nuisance to exist on East 55th street, and if you further ■ believe that The Cleveland Railway Company allowed this particular nuisance to exist, and if you further believe that The Nickel Plate Rail
 
 *31
 
 road Company allowed this particular nuisance to exist, and if you believe that from a preponderance of the evidence, and if you further believe that the city of Cleveland violated Section 3714 of the General Code of Ohio, and if you believe the railway company violated their contract with the city of Cleveland, and if you further find it was negligent and that such negligence was the proximate cause of the 'accident, then it would be your duty to render your verdict for the plaintiff as against the defendants.”
 

 The verdict of. the jury was for the plaintiff against, the three defendants, The Cleveland Railway Company, The Nickel Plate Railroad Company and the city of Cleveland, in the sum of $3,000, and judgment was entered upon the verdict against the three defendants. In other words, a joint judgment was entered against, the three named defendants.
 

 The city of Cleveland, at the close of plaintiff’s case,, made a motion to require the plaintiff to elect as to-which defendant she would proceed against, on the-ground that there was a misjoinder of parties defendant and that the evidence did not warrant a- joint, verdict and judgment against them. This motion was overruled and the city claims error because of such-ruling.
 

 The right of action of the plaintiff against The-Cleveland Railway Company, if any, was predicated upon its alleged negligence in failing to perform the-obligations arising under its franchise ordinance or contract with the city of Cleveland to keep the pavement between its tracks upon the bridge in repair and free from nuisance. On the other hand, the right of action of the plaintiff against the city of Cleveland, if any, was predicated upon the fact that the city of Cleveland was a municipality, required under Section 3714, General Code, to keep its streets, which included the bridge in question, open, in repair and free from-
 
 *32
 
 nuisance; and that it had notice, actual or constructive, of the existence of the hole in the pavement on the bridge complained of by the plaintiff, for sufficient time before the occurrence of plaintiff’s injury to have remedied the alleged defect in the pavement. From this analysis, it is apparent that there was no concert of action upon the part of these two defendants resulting in a single
 
 delict,
 
 but rather separate wrongful acts not necessarily concurrently existing, arising upon a different basis of liability. Does such a situation warrant a joint judgment against these two defendants? •
 

 Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but
 
 concurrently
 
 in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby; and the person injured may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole.
 
 Wery
 
 v.
 
 Seff,
 
 136 Ohio St., 307, 311, 25 N. E. (2d), 692; 1 Cooley on Torts (4 Ed.), 276, Section 86. For example, three tenants in possession of the same premises may be sued jointly in an action for trespass committed by animals kept by them in common upon the premises although the animals are owned by them separately and individually, provided a single damage was concurrently done by all of such animals.
 
 Jack
 
 v.
 
 Hudnall,
 
 25 Ohio St., 255, 18 Am. Rep., 298. Or, if each of two railroads negligently manages its trains so as to result in a collision, causing injury which results in death, both may be joined as defendants in a single action.
 
 Cincinnati Street Ry. Co.
 
 v.
 
 Murray, Admx.,
 
 53 Ohio St., 570, 42 N. E., 596, 30 L. R. A., 508;
 
 Ader, Admr.,
 
 v.
 
 Blau,
 
 241 N. Y., 7, 148 N. E., 771, 41 A. L. R., 1216;
 
 McDonald
 
 v.
 
 Robinson,
 
 207 Iowa, 1293, 224 N. W., 820.
 

 
 *33
 
 The primary test of joint tort-feasors is whether the plaintiff has a single cause of action against such tortfeasors, or whether he has only a several cause of action against each of them. If he has the former, he is entitled to a joint judgment against such tort-feasors, although he may elect to sue either of them separately on such cause of action. A joint judgment against two or more tort-feasors is proper only where, because of their relationship, concert of action, or independent but concurrent action, each is vicariously responsible for the wrongful acts of the other or others to the extent of the entire damage done. 4 Restatement of the Law of Torts, 434, Sections 875 and 882.
 

 On the other hand, a joint judgment cannot be properly rendered against persons under a severa] liability, merely.
 
 Mason
 
 v.
 
 Alexander,
 
 44 Ohio St., 318, 333, 7 N. E., 435. And the permissive joinder of defendants is not enough to warrant a joint judgment against tort-feasors unless they are joint tort-feasors.
 
 Ader
 
 v.
 
 Blau, supra.
 

 A situation where there was a separate though concurrently existing duty to exercise care, is presented by the case of
 
 Village of Mineral City
 
 v.
 
 Gilbow,
 
 81 Ohio St., 263, 272, 90 N. E., 800. Here it was held that a lot owner who maintained on his premises a dangerous pit which encroached upon an adjacent sidewalk and which he failed to guard, may not be sued jointly with the village in which the pit is located, where the charge against such village is that it knowingly permitted such sidewalk to be in a dangerous condition because of a lack of barrier or retaining wall between the sidewalk and the pit on the adjoining premises. Here there was a concurrently existing duty to maintain a guard or barrier between the sidewalk and the pit, but the delict of the lot owner and that of the village were breaches of a separate duty, not jointly hut severally owing to a member of the public injured :in the use of such sidewalk.
 

 
 *34
 
 In some jurisdictions tort-feasors who may be constructively or secondarily liable for the damage done may be joined with other tort-feasors primarily liable for the same damage, and, by the utilization of certain procedural processes, including the charge of the court and the submission, of interrogatories to the jury, joint or several judgments may be rendered against such tort-feasors as may be proper, according to the facts and circumstances of the case. But in a long line of decisions, this court has heretofore consistently held, in accordance with the common-law rule, that in order to warrant a joint judgment against tort-feasors they must be
 
 in pari clelicto
 
 as to the tortious act, and each must be responsible for the entire damage. And, where a primary liability for injury rests upon one party, as The Cleveland Railway" Company in this case because of its contract with the city, and a constructive or secondary liability for such injury rests on another party,, such as the city of Cleveland in this case, and the breaches of duty of such parties to the plaintiff" are not through concert of action, or independent but concurrent action, a joint judgment cannot be rendered against, them.
 
 Wery v. Seff, supra; Losito
 
 v.
 
 Kruse, Jr.,
 
 136 Ohio St., 183, 187, 24 N. E. (2d), 705, 126 A. L. R., 1194;
 
 Herron
 
 v.
 
 City of Youngstown,
 
 136 Ohio St., 190, 196, 24 N. E. (2d), 708;
 
 Canton Provision Co.
 
 v.
 
 Gauder,
 
 130 Ohio St., 43, 196 N. E., 634;
 
 Bello
 
 v.
 
 City of Cleveland,
 
 106 Ohio St., 94, 138 N. E., 526;
 
 Village of Mineral City
 
 v.
 
 Gilbow, supra; Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 48 N. E.,
 
 1097; French, Admr.,
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669;
 
 Clark
 
 v.
 
 Fry, 8
 
 Ohio St., 358, 72 Am. Dec., 590. See, also,
 
 City of Rochester
 
 v.
 
 Campbell et al., Exrs.,
 
 123 N. Y., 405, 25 N. E., 937, 120 Am. St. Rep., 760, 10 L. R. A., 393;
 
 City of Chicago
 
 v.
 
 Robbins,
 
 67 U. S. (2 Black), 418, 17 L. Ed., 298.
 

 In eases where there is such primary anJ.secondary liability for the identical wrong, the party who is-
 
 *35
 
 secondarily liable has a right 'of indemnification from the party primarily liable, in case the former is obliged to ‘ respond in damages. He would lose' such right if joinder is permitted since, in the absence of statute, there is no right of indemnification or contribution as between joint tort-feasors who are
 
 in pari delicto.
 
 39 Ohio Jurisprudence, 237, Section 28;
 
 Pennsylvania Co.
 
 v.
 
 West Penn Rys. Co.,
 
 110 Ohio St., 516, 144 N. E., 51;
 
 Royal Indemnity Co.
 
 v.
 
 Becker,
 
 122 Ohio St., 582, 173 N. E., 194, 75 A. L. R., 1481;
 
 Wery
 
 v.
 
 Seff, supra; City of Astoria
 
 v.
 
 Astoria & Columbia River Rd. Co.,
 
 67 Ore., 538, 136 P., 645, 49 L. R. A. (N. S.), 404.
 

 . This is the situation in this case as between the defendants the city of Cleveland and The Cleveland Railway Company. A joint judgment against them was not warranted. Hence the motion of the defendant City of Cleveland should have been sustained.
 

 Final judgment is entered in favor of the defendant The Nickel Plate Railroad Company, and judgment reversed and cause remanded to the Municipal Court for new trial as to the defendants The Cleveland Railway Company and the .city of Cleveland.
 

 Judgment-accordingly.
 

 Weygandt, C. J., Matthias, Zimmerman, Bell and Turner, JJ., concur.
 

 Williams, J., not participating.