Zimmerman, J.
Based on the English ease of Winterbottom v. Wright (1842), 10 Meeson & Welsby, 109, 152 Eng. Repr., 402, the rule of general acceptance for many years was that a contractor, manufacturer, vendor or furnisher of an article is not liable to third persons who have no contractual relations with him for negligence in the construction, manufacture or sale of such article. 3 Cooley on Torts (4 Ed.), 463, Section 498; 38 American Jurisprudence, 662, Section 21. This principle is discernible in the leading case of Burdick v. Cheadle, 26 Ohio St., 393, 20 Am. Rep., 767.
Under this general rule, exceptions were recognized as to the sale or furnishing of articles which are inherently dangerous, such as poisonous drugs or other deleterious substances intended for human consumption or use. Davis v. Guarnieri, 45 Ohio St., 470, 15 N. E., 350, 4 Am. St. Rep., 548; Canton Provision Co. v. Gauder, a Minor, 130 Ohio St., 43, 46 196 N. E., 634, 635; and Sicard v. Kremer, 133 Ohio St., 291, 13 N. E. (2d), 250. Compare 38 American Jurisprudence, 664, Section 22.
Following the turn of the twentieth century, the sale *470 and nse of motor vehicles increased tremendously, and in 1916 the Court of Appeals of New York decided the landmark case of MacPherson v. Buich Motor Co., 217 N. Y., 382, 111 N. E., 1050, L. R. A. 1916F, 696, Ann. Cas. 1916C, 440. There, plaintiff purchased from a retail dealer a new automobile upon which the manufacturer had installed a defective wheel furnished by another manufacturer. The wheel collapsed while plaintiff was driving the vehicle, resulting in personal injuries to him. Plaintiff brought his action for damages directly against the manufacturer of the vehicle and was allowed recovery on the theory that the manufacturer of a new motor vehicle who knows that without new tests it will be used by others than the immediate buyer owes the duty of careful inspection, and, if a remote vendee is injured by reason of a defect discoverable by the manufacturer, such vendee may maintain his action against the manufacturer, and the latter’s liability is one arising in law independent of contract.
The principle announced in the MacPherson case is a reasonable and salutary one and has been widely approved in the cases and by text writers. See 2 Restatement of the Law of Torts, 1073 et seq., Section 394 et seq. Compare Carter v. Yardley & Co., Ltd., 319 Mass., 92, 64 N. E. (2d), 693, 164 A. L. R., 559; 65 Corpus Juris Secundum, 629, Negligence, Section 100C et seq.
Certainly, though, this rule is subject to limitation. There is a marked difference between a manufacturer of a new motor vehicle and one who sells his used motor vehicle to a dealer in this class of merchandise, which dealer may thereafter resell the vehicle to another. As concerns the ultimate purchaser of a new motor vehicle, it is just and right that the manufacturer should be made to respond for injuries due *471 to defects in the vehicle he has fabricated or assembled and placed on the market and which defects he should have discovered in the exercise of due diligence.
The seller of a used motor vehicle to a dealer occupies and should be placed in a different position, especially where he makes no representations or warranties as to the condition of the vehicle sold and where any defects or weaknesses therein would be detectable by the dealer upon examination before resale for further use.
If it be conceded that the U-Drive-It Company was negligent in regard to the rim complained of, the fact remains that it had no dealings with plaintiff’s father who purchased the truck or with plaintiff, and it is not asserted that in the purchase of the vehicle either of them relied on the U-Drive-It Company or had cause to do so.
“To establish actionable negligence it is fundamental that the one seeking recovery must show the existence of a duty on the part of the one sued not to subject the former to the injury complained of, a failure to observe such duty, and an injury resulting proximately therefrom.” Baier v. Cleveland Ry. Co., 132 Ohio St., 388, 389, 8 N. E. (2d), 1, 2.
Moreover, in the circumstances of this action the U-Drive-It Company may invoke the rule that, where there intervenes between an agency creating a hazard and an injury resulting from such hazard another conscious and responsible agency which could or should have eliminated the hazard, the original agency is relieved from liability. A break in the chain of causation thereby takes place which operates to absolve the original agency. 65 Corpus Juris Secundum, 691, 692, Negligence, Section 111; 38 American Jurisprudence, 729, 730, Section 72. Compare Ford Motor v. Wagoner, 183 Tenn., 392, 192 S. W. (2d), 840, 164 *472 A. L. R., 364; Carter v. Yardley & Co., Ltd., supra, and Witherspoon v. Haft, 157 Ohio St., 474, 485, 106 N. E. (2d), 296, 302. Or, stating the matter a little differently, “where after the negligent act a duty devolves on another person in reference to snch act or condition which snch person fails to perform, snch failure is the proximate cause of the injury resulting from the act.” 45 Corpus Juris, 937, Negligence, Section 496.
Plaintiff cites and relies on Pennsylvania Rd. Co. v. Snyder, 55 Ohio St., 342, 45 N. E., 559, 60 Am. St. Rep., 700. That case involved two railroad companies, the Pennsylvania Railroad Company and the Lake Shore & Michigan Southern Railway Company. They operated connecting railroad lines and entered into a traffic arrangement by which they were to share in the earnings of transportation according to the distance cars should be hauled over their respective roads. Under the arrangement, Pennsylvania, before delivering its cars to Lake Shore, agreed to have them properly inspected and put in safe condition for hauling. A certain freight car when delivered to Lake Shore to be taken over its road was defective and unsafe, which condition proper inspection would have disclosed. On account of the defective condition of the car an injury was sustained by an employee of Lake Shore, who brought an action for damages against both companies. Thereafter, Lake Shore was dismissed by the plaintiff and the cause proceeded for trial against Pennsylvania. The trial resulted in a judgment and verdict for plaintiff, which judgment was affirmed by both the Circuit Court and this court.
It is submitted that the Snyder case on its facts is materially different from the instant action. There, Pennsylvania was at all times the owner of the defective freight car and exercised control over the same *473 under a profit-sharing agreement which imposed on that company the positive duty of inspection and repair. Here, the U-Drive-It Company sold its used motor truck outright in the condition it was and assumed no obligation and exercised no control with respect to its future disposal. Compare the frequently cited case of Missouri, K & T. Ry. Co. v. Merrill, 65 Kan., 436, 70 P., 358, 59 L. R. A., 711, 93 Am. St. Rep., 287. And see annotations, 41 A. L. R., 114 et seq., and 152 A. L. R., 1313.
We conclude that where the owner of a used motor vehicle sells the same “as is” to a dealer in those articles for such disposition as the dealer may make of it, such owner may not ordinarily be held liable for injuries occasioned to one who purchased the vehicle from the dealer or for injuries to another, because of faults or imperfections in the vehicle which existed or occurred during the time it was in the possession of such owner.
Consequently, in our opinion, both the trial court and the Court of Appeals were correct in discharging the U-Drive-It Company from the case.
Under the allegations of the amended petition and the opening statement of counsel for plaintiff, the Court of Appeals properly reversed the judgment below and remanded the cause for trial as to the Spot Motor Company, which sold the truck to plaintiff’s father. Whether the evidence at the trial will support the claims made is of no present concern.
Although a dealer in used motor vehicles is not an insurer of the safety of the vehicles he sells, he is generally under a duty to exercise reasonable care in making an examination thereof to discover defects therein which would make them dangerous to users or to those who might come in contact with them, and upon discovery to correct those defects or at least give warn *474 ing to the purchaser. Such rule is of particular significance where the sale of a vehicle is accompanied by representations or warranties as to its fitness for use. 60 Corpus Juris Secundum, 503, 504, Motor Vehicles, Section 165 b (2); 5 American Jurisprudence, 690, Section 349; 6 Berry on Automobiles, 292, Section 6.232.
No error being found in the judgment of the Court of Appeals, the same is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taft, Matthias, Hart and Stewart, JJ., concur.