Per Curiam.

Plaintiff concedes that her action is not based upon negligence.
Plaintiff has argued that the evidence supports an inference that plaintiff’s husband purchased the cooker as agent for plaintiff. There are obviously no allegations in plaintiff’s petition which would support any such determination. Nor are there any allegations that would reasonably support a legal determination that, in making the purchase of the cooker, plaintiff’s husband made a contract with defendant for the benefit of plaintiff, or, in other words, that plaintiff was a third party beneficiary of a contract made between her husband and defendant for her benefit. Therefore, we express no opinion as to whether plaintiff could recover from defendant for breach of warranty if there had been such allegations. Also, it is conceded that plaintiff’s action is not one for deceit.
Plaintiff’s petition is susceptible of an interpretation that there was an express warranty to plaintiff and not merely to her husband because, to use the words of the petition, “defendant * * * warranted and held out to the general public, and more especially to * * * plaintiff, said appliance to be of sound construction, ready and capable of withstanding use for which it was designed.” However, there is no evidence in the record *60 of any express warranty to plaintiff, i. e. (to refer to the words of Section 1315.13, Revised Code, defining an express warranty), “any affirmation of fact or any promise by” defendant made to or relied upon by the plaintiff. Hence, in order to prevail, upon the pleadings and the evidence in the instant case, plaintiff must rely upon some implied warranty.
In Wood v. General Electric Co., 159 Ohio St., 273, 112 N. E. (2d), 8, paragraph two of the syllabus reads:
“Although a subpurchaser of an inherently dangerous article may recover from its manufacturer for negligence, in the making and furnishing of the article, causing harm to the sub-purchaser or his property from a latent defect therein, no action may be maintained against a manufacturer for injury, based upon implied warranty of fitness of the article so furnished.”
In the opinion by Hart, J., at page 279, it is said:
“* * * Here, there was no * * * privity and hence no implied warranty * * (Emphasis added.)
In Canton Provision Co. v. Gander, 130 Ohio St., 43, 196 N. E., 634, plaintiff sought to recover for damages suffered from eating food claimed to be unwholesome. The food had been purchased by plaintiff’s mother from a retail meat dealer who had purchased it for sale in a sealed container from a manufacturer. Suit was brought against both the dealer and the manufacturer. It was stated in the opinion by Williams, J.:
“Some authorities have been cited to sustain the theory that the liability on the part of each defendant arose out of the breach of an implied warranty that the food product sold was fit for food. An implied contract of ivarranty requires a meeting of the minds the same as does an express contract. Columbus, H. V. & T. Ry. Co. v. Gaffney, 65 Ohio St., 104, 61 N. E., 152. There was no privity of contract between the plaintiff and either of the defendants for the petition alleges that the liver pudding was purchased by the plaintiff’s mother. Any liability that exists in the instant case therefore necessarily arises out of tort.” (Emphasis added.)

Judgment affirmed.

Weygandt, C. J., Stewart, Taft and Herbert, JJ., concur.
Bell and Matthias, JJ., dissent.