OHIO FUEL GAS COMPANY, PLAINTIFF-APPELLANT, *v.* PACE EXCAVATING COMPANY ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25971.   Decided January 4, 1963.

*Messrs. Jones, Day, Cockley & Reavis,* for plaintiff-appellant.

*Messrs. Hauxhurst, Sharp, Cull & Kellogg,* for defendant-appellee, Howard Homes, Inc.

*Messrs. Jamison, Ulrich, Hope, Johnson & Burt,* for defendants-appellees, Pace Excavating Company and Kahn Plumbing & Heating Company.

*Messrs. Steele & Steele,* for defendant-appellee, Joseph Frate.

KOVACHY, P. J. This is an appeal on questions of law from a judgment entered in the Court of Common Pleas in favor of the defendants, Pace Excavating Company, Joseph Frate, Kahn Plumbing & Heating Company, and Howard Homes, Inc., pursuant to the sustaining of demurrers filed by said defendants to an amended petition of the plaintiff.

Plaintiff's amended petition, inter alia, alleges that it is a public utility owning and operating a system of underground gas mains in the City of Parma, Ohio, for the distribution of natural gas; that in 1954 the defendants were engaged in different phases of the construction business and undertook to build a home at 10911 Aaron Drive of said city; that the defendants excavated a trench eight feet deep between the house and the street for the installation of sewer and water lines: that while excavating the trench with mechanical equipment, defendants

negligently struck and permanently damaged said gas main and, then, backfilled the trench and covered the damaged main without having it repaired or warning others of the dangerous condition created; that, as a consequence, the gas main was so weakened that it ultimately failed; that the leaking gas percolated into the dwelling house that was built and ignited and caused a fire and explosion on December 27, 1956; that occupants of the home were injured and subsequently filed actions against the plaintiff for damages exceeding two million dollars; that the plaintiff, upon investigation, concluded that it had been negligent in failing to discover and correct the dangerous condition that had been created by the defendants; that plaintiff's negligence was passive and secondary; that defendants' negligence was active and primary; that the plaintiff tendered the defense of the actions to the defendants, which they refused to accept; that plaintiff settled the cases for four hundred thousand dollars, which settlement it believes was reasonable under all the circumstances; that the defendants created the dangerous condition which resulted in a fire and explosion by reason whereof defendants are primarily liable to the aforementioned claimants; and that the plaintiff, because it is secondarily liable, is entitled to indemnification from the defendants and each of them for the sum of four hundred thousand dollars, which plaintiff was required to pay plus $14,608.52, comprising reasonable legal fees and expenses it incurred.

The sole question presented to us in this appeal is whether the trial court was in error in sustaining defendants' demurrers and in dismissing plaintiff's amended petition on the ground that the amended petition failed to state a cause of action.

Plaintiff contends that the law of Ohio provides that primary liability is imposed upon one who actively creates a dangerous condition which directly causes injury to a third person and secondary liability upon one who negligently fails to discover and correct such dangerous condition, and that where one secondarily liable expends money to settle lawsuits filed against it by reason of injury resulting from the dangerous condition so created, the one secondarily liable is entitled to indemnification from the one primarily liable; that its amended petition alleges that an explosion was caused by the *active*

negligence of the defendants, which misconduct created a dangerous condition from which injury to third parties resulted; that the plaintiff was passively negligent in failing to discover and correct the dangerous condition created by the defendants; that the defendants, under those circumstances, are primarily liable and the plaintiff secondarily liable; that the plaintiff expended money to settle lawsuits filed against it for which it is entitled to indemnification from the defendants; and that, under such averments, a cause of action is stated under Ohio law.

The defendants, on the other hand, assert that the plaintiff by admitting negligence in its amended petition acknowledges conduct which under common law makes it concurrently guilty of *active* negligence with the defendants and consequently constitutes it a joint tortfeasor not entitled to indemnification from the defendants for monies expended in settling the lawsuits filed against it because, they say, under Ohio law there is no contribution or indemnification between joint tortfeasors.

The Restatement of the Law on the subject of Restitution states in paragraph 95, page 415:

"Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, unless after discovery of the danger, he acquiesced in the continuation of the condition."

Under the heading of Comment in the second paragraph on page 416, it is said:

"In all of these situations the payor is not barred by the fact that he was negligent in failing to discover or to remedy the defect as a result of which the harm was occasioned; in most of the cases it is because of this failure that he is liable. * * *"

And in addition to this volume on Restitution, captioned "Notes on Restatement of Restitution," on page 152, Section 95, headed, "Person responsible for dangerous condition," it is stated:

"The rule stated in this Section applies to two situations: * * * The second situation is where a person is under a duty to maintain premises in safe condition and another person by a negligent act causes them to be unsafe, with the result that a third person is damaged thereby. In both situations, if the first person has settled a valid claim in favor of the injured person, he is entitled to indemnity from the other in spite of his own negligence, unless after knowledge of the risk, he recklessly imperils the injured person, or unless he consents to the continued existence of the dangerous condition thereby making it his own."

The law in Ohio recognizes the distinction between one who is actually at fault and guilty of *active* negligence in creating a dangerous condition resulting in injury to a third person and one who has a duty to keep the instrumentality involved safe by reason of his relationship to it and is guilty of *passive* negligence in not discovering and correcting the dangerous condition. The former, under such circumstances, is said to be primarily liable, and the latter secondarily liable, and where the one secondarily liable effects a settlement with the one injured that is reasonable and fair, the one secondarily liable is entitled to indemnification from the one primarily liable.

In 28 Ohio Jurisprudence (2d), 316, Indemnity, Section 12, it is stated:

"In regard to the right of one tortfeasor, who has paid the claim or judgment for the tortious injury, to be reimbursed by his joint tortfeasor, the nature of the right depends, in the absence of any express contract in such respect, upon the distinction in legal theory between the right of contribution and the right of indemnity. Contribution is a right which a person has, who has been compelled to pay what another should pay in part, to require partial or proportionate reimbursement; indemnity, on the other hand, is the right which a person has, who has been compelled to pay what another should pay in full, to require complete reimbursement."

"In regard to the right of one joint tortfeasor to obtain contribution from another joint tortfeasor where the actual tortious conduct of both has proximately caused the injury, the well-settled general rule is that the law will not enforce such

contribution. This rule is based on the principle that the law will not aid persons who are particeps criminis, but will leave them where their wrongful acts have placed them. * * * However, a tortfeasor may escape the effects of this rule by establishing that he is merely secondarily, rather than primarily or jointly, liable; and he may thereby secure the right to indemnification, as distinguished from contribution, in the true meaning of that word. * * *''

And in 11 Ohio Jurisprudence (2d), 579, Contribution, Section 21, ''Tortfeasors Not in Pari Delicto; Primary and Secondary Liability,'' it is stated:

''The general rule denying the right of contribution between joint tortfeasors does not require that the consequences of the wrong of one person be visited, without indemnity, upon others who are not in pari delicto. * * * Thus, in the event that one secondarily liable for a wrongful injury is compelled to respond in damages to the injured person, he may recoup his loss from the one who actually created the danger or perpetrated the wrong. Such wrongdoers actually are not joint tortfeasors, and the right of recovery is the right to indemnity, and not contribution.''

In *Insurance Co.* v. *Dingle-Clark Co.*, 142 Ohio St., 346, 52 N. E. (2d), 340, the Supreme Court in the first paragraph of the syllabus states the general rule of law as follows:

''1. The right to recover indemnity for proper expenditures made by a person who has become vicariously and secondarily liable for the unauthorized and wrongful conduct of another is limited to a person who has not actively participated in such conduct.''

In *Globe Indemnity Co.* v. *Schmitt*, 142 Ohio St., 595, 53 N. E. (2d), 790, it is stated on page 602, quoting from *Churchill* v. *Holt*, 127 Mass., 165:

''Therefore, 'the rule that one of two joint tort-feasors cannot maintain an action against the other for indemnity or contribution does not apply to a case where one does the act or creates the nuisance, and the other does not join therein, but is thereby exposed to liability; in such case, the parties are not in *pari delicto* as to each other, though as to third persons either may be held liable.' ''

*Bello* v. *City of Cleveland,* 106 Ohio St., 94, 138 N. E., 526.

*Canton Provision Co.* v. *Gauder,* 130 Ohio St., 43; 196 N. E., 634.

*Losito* v. *Kruse, Jr.,* 136 Ohio St., 183; 24 N. E. (2d) 705.

*Morris* v. *Woodburn,* 57 Ohio St., 330, 48 N. E., 1097.

The case of *Philadelphia Co.* v. *Central Traction Co.,* 165 Pa., 456 (decided prior to a statute allowing contribution among joint tortfeasors—1939) is on all fours with the case here before us. The first two paragraphs of the syllabus read as follows:

"A natural gas company which is compelled to pay damages for personal injuries caused by the leakage of gas from a defective pipe, may recover from a street railway company whose negligent excavation in the street caused the pipe to break.

"In such a case a compromise and payment to the injured parties of an amount less than the judgment which they recovered, but before the appeals taken from the judgment were decided by the Supreme Court, will not prevent the gas company recovering from the street railway company the sums paid when they are admitted to be reasonable and not contested as to amount."

One defendant in its brief argues most strenuously that it can be concluded from the facts alleged in the amended petition that the plaintiff was actively negligent "in sending highly volatile gas through lines that it either did not inspect or negligently inspected" and is therefore barred from indemnification as a joint tortfeasor. All defendants maintain, as indicated above, that plaintiff admits negligence which under the facts alleged they contend must be construed as active negligence. They cite numerous cases to support the thesis that parties in pari delicto have no right of contribution or indemnity under the law of Ohio. We are in accord with the law pronounced in the cases cited. However, in the instant case the plaintiff admits only *passive* negligence, and if the defendants believe that the plaintiff was guilty of active negligence which was concurrent and joint with that of the defendants in causing the explosion, they can make such claim as an affirmative defense in their answers and assume the burden of proof on that issue.

A demurrer to a petition tests its legal sufficiency when taking all well-pleaded facts as true and construing the same most favorably on behalf of the plaintiff.

Upon applying such rule of law to the amended petition, we conclude that a good cause of action is stated and, therefore, hold that the trial court was in error in sustaining the demurrers and dismissing the amended petition.

Accordingly, the judgment is reversed and the cause remanded to the Court of Common Pleas with instructions to overrule the demurrers and for further proceedings according to law.

Judgment reversed.

SKEEL and HURD, JJ., concur.