SYLVANIA DEV. CO. v. START et.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1846. Decided April 11, 1927

923. PLEADINGS—Where misjoinder of causes of causes of action or of defendants does not appear upon the face of the petition, it may be raised by answer, or, when it first appcars by the evidence, by motion to elect, in which case the proper procedure is not to render a directed verdict against the plaintiff if evidence has been introduced tending to show liability of the defendants, but to require an election.

First Publication of this Opinion

RICHARDS, J.

The Sylvania Development Co. commenced an action against Roy Start, George Gradel and the Alexander Construction Co. in the Lucas Common Pleas to recover damages claimed to have been caused by defendants unlawfully entering upon plaintiff's premises and digging trenches and piling debris on the property. The action was dismissed as to Start and a verdict was directed in favor of the remaining defendants.

The Construction Co. claimed that it was engaged in moving a building located on premises of Start which were adjacent to the land owned by the Development Co. and that permission had been received to excavate a trench and a runway on plaintiff's property; that Gradel acted as an independent contractor; and that the defendants acted separately and not jointly. Error was prosecuted from the action of the lower court, and the Court of Appeals held:

1. The only controversy in this case arises out of the contention by the defendants that there was a misjoinder of causes of action and of parties defendant. The amended petition charged that defendants committed the trespass but it does not show on its face, any misjoinder of causes of action nor of parties defendant.

2. The bill of exceptions contains evidence which tends to show that the defendants proceeded independently of the other, and tends to show the existence of a cause of action against each of the defendants, Gradel and the Construction Co., but not a joint cause of action against them. Mansfield v. Bristor, 76 OS. 270.

3. As there is evidence tending to show liability of each defendant, the court erred in granting defendant's motion for a directed verdict.

4. When misjoinder of causes of action or of defendants does not appear upon the face of the petition, it may be raised by answer or when it first appears by the evidence, by motion to elect, in which case it is not proper to render a directed verdict if evidence has been adduced to show liability of the defendants, but the proper procedure would be to require an election. French, Admr. v. Company. 76 OS. 509; Village v. Gilbow, 81 OS. 263, 273.

Judgment reversed and cause remanded.

(Williams & Lloyd, JJ., concur.)

Attorneys—W. W. Campbell and Otto L. Hankinson for Company; W. K. Gardner and Leger J. Metzger for Start et; all of Toledo.