AVRA, ADMX., *v.* KARSHNER ET AL.

(Decided May 20, 1929.)

*Mr. Clinton D. Boyd* and *Mr. Fred J. Schatzman,* for plaintiff in error.

*Mr. Walter S. Harlan* and *Messrs. Marshall & Harlan,* for defendants in error.

CUSHING, P. J.   The action below was brought by Myrtle Avra as administratrix of the estate of Daniel Frank Avra, a minor, against Cecil and Stella Karshner, for damages for the wrongful death of said minor, claimed to have been caused by the negligent operation of defendants' automobile.

The allegations of negligence contained in the petition are:

1. That on July 4, 1926, the defendants were driving an automobile on the Dixie Highway, in Butler county, Ohio, at a rate of speed greater than was reasonable and proper, considering the width of the highway, the traffic, and the usual rules of the highway, to wit, at a speed of 40 miles per hour or more.

2. That said defendants failed to sound any notice or warning of their approach.

3. That the defendants failed to maintain control over said automobile, so that, in the exercise of ordinary care under the circumstances, they could have stopped the automobile, and have prevented the accident.

4. That the defendants failed to keep a proper lookout, and failed to turn out so as to avoid striking and colliding with Daniel Frank Avra, when, in the exercise of ordinary care, they could have seen the decedent, and could have turned out and avoided said accident.

The answer admits the age and death of Daniel Frank Avra, admits that he died as a result of being hit by an automobile, and admits that there was no horn sounded by the driver of the machine, as charged in the petition.

For a first defense the defendant Cecil Karshner alleged that the automobile in which he was riding was being driven at a speed not in excess of 25 miles an hour; that Stella Karshner was driving the car; that she was looking to the front and right of said machine, while driving it northwardly on the right-hand side of said highway; that while so doing,

suddenly and without warning, the decedent ran across said highway from the left side thereof, at a distance not to exceed 15 feet in front of the defendants' car; that the child did not look in the direction of said defendants' automobile until he arrived in front of it, when he suddenly stopped; that the driver of the car had no opportunity, because of the nearness of said child, to stop said automobile, nor to sound a warning; and that as quickly as possible she swerved the automobile to the left, to avoid hitting said child, at which time the child suddenly stopped.

For a second defense, defendant Cecil Karshner stated that if he was guilty of negligence in causing the collision with the plaintiff's decedent, which he denied, both the plaintiff, Myrtle Avra, the mother of Daniel Frank Avra, and William Avra, the father of plaintiff's decedent, were guilty of negligence directly contributing to said accident in that they permitted and directed Daniel Frank Avra, a child six years of age, to go on foot on an errand on the Dixie Highway on July 4, 1926, at a time when the normal traffic at said place was greatly augmented, and that the said Avras knew, or ought to have known, that there was imminent danger, of said child being hit by an automobile.

The defendant Stella Karshner filed an answer similar in every respect to that filed by Cecil Karshner.

The reply was a general denial of the allegations of the answer.

The jury returned a verdict for the defendants, and judgment was entered thereon. This action is prosecuted to reverse that judgment.

The principal ground relied upon for a reversal of the judgment is the error of the court in its charge, in which the following appears: "The court has just read to you the substance of the petition, the answers thereto and the reply to the answers. These are what are known as the pleadings. You will have these pleadings with you in the jury room and you may refer to them for the purpose of ascertaining what the respective claims are."

In the case of *Baltimore & Ohio Rd. Co.* v. *Lockwood*, 72 Ohio St., 586, 590, 74 N. E., 1071, 1072, in speaking of reading the pleadings and stating the issues, the Supreme Court said: "It is the imperative duty of the court to separate these and to definitely state to the jury those issues which are to be determined by it, accompanied by such instructions in regard to each as the nature of the case may require. A failure to do this necessarily leaves the jury to grope around through the technical and often verbose allegations of the pleadings to find the real points of controversy in the case. When there is but a single issue, which is tersely stated, this might not be prejudicial to the parties; but in almost every case there are intricacies which the jury, from lack of legal knowledge and experience, cannot unravel without the assistance of the court. The jury should be distinctly instructed by the court as to the facts material to the case, which are denied, and as to those which are admitted; and without this it cannot be expected that a jury trial will result in an intelligent verdict." See, also, to the same effect, *Telinde* v. *Ohio Traction Co.,* 109 Ohio St., 125, 141 N. E., 673.

The court also charged: "Second. If they were

so negligent, was that negligence of which you find them, or either of them, guilty, the sole and proximate cause of the injuries of which plaintiff complains?''

The law is that in order for a plaintiff to recover the negligence of the defendant must be the proximate cause of the accident and injury. The use by the court of the words ''sole and proximate cause'' placed a greater burden on the plaintiff than the law required. This was also erroneous.

The court further charged the jury as follows: ''At the suggestion of attorneys for the defense, the court says to you that if you find from the evidence that the death of Daniel Frank Avra was the result of an unavoidable accident, then your verdict should be for the defendants.''

This portion of the charge was erroneous, as the allegations of both the petition and the answer charged negligence, and an unavoidable accident is necessarily an accident occurring not because of negligence, and is one which happens without any apparent cause or without any fault attributable to any one. If the negligence of the defendants was proven to have proximately caused the injury, and no contributory negligence was shown, plaintiff would be entitled to recover. If plaintiff failed to prove that the negligence of the defendants proximately caused the injury, plaintiff could not recover. In such cases, there is no place for the question of unavoidable accident.

In view of the fact that the case will have to be retried, we refrain from commenting on the evidence.

For error on the part of the court in failing to

properly define the issues, and because of other errors in the charge, the judgment will be reversed, and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

Ross and HAMILTON, JJ., concur.