**KNABB, Admr v SCHERER**

Ohio Appeals, 1st Dist, Hamilton Co

No 4316.   Decided May 15, 1933

August A. Rendigs, Jr., Cincinnati, and Clarence M. Smith, Cincinnati, for plaintiff in error.

Bert H. Long, Cincinnati, and Milton M. Bloom, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, PJ.

The first error complained of in the charge is, that the court committed error in injecting into the case the question of inevitable and unavoidable accident. On this question, the trial court charged the jury by this brief statement:

"Of course, if the injury or death was caused by inevitable or unavoidable accident, there could be no recovery on the part of the plaintiff."

This was error, as this court held in the case of **Avra, Admrx v Karshner, 32 Oh Ap, 492**. In the Karshner case is directly in point and involves practically the same language in substance. This court said in the opinion in the Karshner case:

"If the negligence of the defendants was proven to approximately have caused the injury, and no contributory negligence was shown, plaintiff would be entitled to recover. If plaintiff failed to prove that the negligence of the defendants approximately caused the injury, plaintiff could not recover. In such cases, there is no place for the question of unavoidable accident."

Moreover, in the case under consideration the court did not define what was meant by "inevitable or unavoidable accident." This charge could not have been other than misleading to the jury.

The trial court further stated one of the issues to be:
"Was such negligence on the part of the defendant the sole and proximate cause of the injury?"

On this point the court in Avra v Karshner, supra, stated:
"The law is that in order for a plaintiff to recover, the negligence of the defendant must be the proximate cause of the accident and injury. The use by the court of the words 'sole and proximate cause' places a greater burden on the plaintiff than the law required."

The giving of this charge was erroneous.
It is claimed that the court erred in submitting to the jury the question as to whether or not the section where the accident occurred was closely built-up. The accident happened in a school zone, for which there is a special law, which was submitted to the jury, and the trial court did submit to the jury the question as to whether or not it happened in a closely built-up section. Since the law with reference to a school zone is as strict in its control and operation of motor vehicles as the law with reference to closely built-up sections of a municipality no prejudice could have resulted. Moreover, there was some dispute in the evidence as to the built-up condition. Under such circumstances, the court may submit that question to the jury. It is only where there is no dispute that the trial court is justified in charging the jury that the section is closely built-up

or not. We find no prejudice in this instruction.

It is claimed the court erred in giving defendant's special charge, which is as follows:

"Plaintiff's decedent, Harry Knabb, Jr., being a boy eight years of age at the time of the accident was required to exercise that degree of care for his protection which boys of the same age and similar experience are accustomed to exercising under the same or similar circumstances. If plaintiff's decedent failed to exercise such degree of care, for his own safety, then plaintiff's decedent would be guilty of negligence, and, if you find from the evidence, that plaintiff's decedent was guilty of the slightest degree of negligence, which directly and proximately caused his injuries and subsequent death, then your verdict must be for the defendant, notwithstanding the fact that you also find that the defendant himself was guilty of negligence."

It is contended that where the court used the language "that degree of care for his protection which boys of the same age and similar experience are accustomed to exercising," should have included the word "education." We know of no rule of law which requires the use of the word "education." The rule is, that the attention of the jury should be called to the minority of the decedent, and that he is only required to use that degree of care which youth of his age are required to exercise.

It is complained that in the special charge the use of the word "slightest" was improper. The charge states: "If you find from the evidence, that plaintiff's decedent was guilty of the slightest degree of negligence, which directly or proximately caused his injuries and subsequent death, then your verdict must be for the defendant, notwithstanding the fact that you also find that the defendant himself was guilty of negligence." It is claimed that the word "slightest" should modify "contributed" rather than "negligence." While the statement is awkward standing alone, it would not require a reversal. "Slightest degree" should modify "contributed or approximated," rather than "negligence."

This same application of the word "slightest" appears in the general charge, and is complained of by plaintiff in error. What we have said with reference to the special charge applies to the general charge.

Further in the general charge the court uses this language:

"And if the plaintiff has in making out or putting in his case produced such testimony that from it an inference fairly arises that the plaintiff's decedent was guilty of negligence, then the burden of proof is upon the plaintiff to remove that inference, and if the plaintiff does not remove such inference, and does not produce evidence tending to remove that inference, then the plaintiff cannot recover."

This was error. In the case of **Smith v Lopa, 123 Oh St, 213,** the Supreme Court said:

"It is only necessary to produce evidence sufficient to equal or dispel the inference or presumption; but in such case the plaintiff is not obliged to remove the inference or presumption by a preponderance of the evidence."

The statement as given in the charge would call for a preponderance of the evidence, and leaves the inference that more than sufficient to counter-balance or dispel the inference is needed.

It is argued in the brief that these errors, which counsel refer to as minor errors, may be passed over under the substantial justice statute. The substantial justice statute is to be applied where there has been a fair trial, and not as a means of avoiding the requirements of the law. The law is, that the jury shall judge the evidence under the law as given it by the court and none other. Where these rules of law are erroneously given to the jury as its guidance no substantial justice would follow the party prejudiced. The numerous errors referred to could not be overlooked under the substantial justice section of the Code. They were prejudicial to the plaintiff in the case, preventing a fair trial.

The judgment will be reversed for the errors in the charge.

CUSHING and ROSS, JJ, concur.