ULMER ET AL., APPELLEES, *v.* SQUIRE, SUPT. OF BANKS, ET AL., APPELLANTS.

(No. 3901—Decided June 22, 1942.)

*Messrs. Doyle & Lewis* and *Mr. Lehr Fess,* for appellees.

*Mr. Thomas J. Herbert,* attorney general, and *Messrs. Chase & Smith,* for appellants.

LLOYD, J. On December 29, 1939, John A. and Mabel Ulmer filed a petition in the Court of Common Pleas against the Superintendent of Banks alleging as a single cause of action that on December 1, 1930, they each owned fifty shares of the common capital stock of The Owens-Illinois Glass Company, which they delivered to the vice-president of The Ohio Savings Bank & Trust Company to secure a payment of a loan of $16,000 to be made by the bank to Will H. Gunckel, of which bank the Superintendent of Banks thereafter took possession for liquidation purposes and that the Superintendent of Banks thereafter sold the stock for $12,600, applying the same, in conjunction with $26,400 obtained by sale of 200 shares of the stock belonging to Mrs. William W. Smith, in payment of a loan to Gunckel of $34,500, in violation of the terms and con-

ditions upon which the stock had been delivered to the bank.

The plaintiffs Ulmer pray therein for a judgment of $12,600 with interest thereon. Upon application therefor, Mrs. Smith having been made a party plaintiff, an amended petition was filed differing from the original petition only in the inclusion therein of the deposit of the Smith stock as collateral to the Gunckel loan, and the sale, contrary to the contract with the bank, of the 300 shares of stock owned by the three plaintiffs and the wrongful application of the proceeds thereof to the payment of the balance due of $31,532.70 on the Gunckel loan. The prayer of this amended petition is for a judgment against the defendants for $40,800 with interest.

The motion of the defendant Superintendent of Banks to make this amended petition definite and certain, to strike certain allegations therefrom, and to separately state and number the several causes of action stated therein having been granted, the three plaintiffs filed a second amended petition. As a reason for its request that the causes of action be separately stated and numbered, the defendants in their motion stated:

"* * * the amended petition is attempting to state in one cause of action separate and distinct claims of several plaintiffs, based on shares of stock separately and individually owned and not jointly by several plaintiffs."

In the second amended petition were three separately stated causes of action, none of which differs substantially in the facts alleged from the single cause of action stated in the original and amended petitions except that the first cause of action therein relates solely to the amount claimed due John A. Ulmer on his 50 shares of stock; the second to the amount due

Mabel Ulmer on her 50 shares of stock, and the third
to the amount due Mrs. Smith on her 200 shares of
stock. A motion of the Superintendent of Banks to
make this second amended petition definite and certain
in certain particulars and to strike certain allegations
therefrom having been granted, the plaintiffs filed a
third amended petition also containing three alleged
causes of action. These three alleged causes of action
follow in numerical order the general and preliminary
statement that Rodney P. Lien, as Superintendent of
Banks, has been substituted for Squire as defendant.
The substance of the alleged first cause of action is
that, "on or about the first day of December, 1930, the
plaintiff John A. Ulmer was the owner and holder of
record of fifty (50) shares of the common capital stock
of The Owens-Illinois Glass Company," which on that
date he delivered and endorsed in blank to the bank
through its vice-president, upon the express oral con-
dition that such shares, together with 50 shares of
such stock owned by Mabel Ulmer and 200 shares there-
of owned by Mrs. Smith should be used: "Only for the
purpose of securing the payment of a loan to be made
by said bank to Will H. Gunckel, of Toledo, Ohio, in
the sum of $16,000"; that shortly after the then Su-
perintendent of Banks took possession of the property
and assets of the bank for the purposes of liquidation,
plaintiffs advised the Superintendent of Banks that
the shares of stock belonged to plaintiffs and had been
delivered to the bank upon the express condition afore-
said; that the Superintendent of Banks with knowledge
thereof, and without notice to the plaintiff John A.
Ulmer, on June 6, 1936, sold said 50 shares of stock
belonging to him for the sum of $6,800, although then
and continuously from December 1, 1930, plaintiff was
and had been, to the knowledge of the defendants, the
holder of record thereof; that subsequent to the sale

the Superintendent of Banks without the knowledge or consent of plaintiff John A. Ulmer applied the proceeds of said sale, "in payment of the loan to said Will H. Gunckel, having a principal balance of $31,532.70 and interest thereon contrary to and in violation of the terms and conditions upon which, as aforesaid, said shares had been delivered to said bank by said plaintiffs"; that defendants "have. failed to account to plaintiff John A. Ulmer for said shares or the proceeds of the sale thereof and there is due plaintiff John A. Ulmer from the defendants the sum of $6,800, together with interest thereon at the rate of 6% per annum from January 6, 1936."

The second cause of action is identical in phraseology with the first cause of action except for the substitution of Mabel Ulmer for John A. Ulmer. The third cause of action likewise is the same in wording, except that it relates to the alleged ownership of Mrs. William W. Smith of 200 shares of the stock, the value thereof and the amount claimed to be due to her for such shares or the proceeds of the sale thereof.

The prayer of this third amended petition is:

"Wherefore plaintiff, John A. Ulmer, prays judgment against the defendants in the sum of $6,800 together with interest thereon at the rate of 6% per annum from January 6, 1936; plaintiff, Mabel Ulmer, prays judgment against the defendants in the sum of $6,800 together with interest thereon at the rate of 6% per annum from January 6, 1936; plaintiff, Mrs. William W. Smith, prays judgment against the defendants in the sum of $27,200 together with interest thereon at the rate of 6% per annum from January 6, 1936, and plaintiffs pray that they may have and recover against defendants their costs herein."

The defendant Superintendent of Banks demurred to this third amended petition, alleging "that there is a misjoinder of parties plaintiff" and "that several

causes of action are improperly joined." This demurrer was overruled, followed by an answer of the Superintendent of Banks, a trial by the court, a jury having been waived, and a finding and judgment against the Superintendent of Banks and The Ohio Savings Bank & Trust Company in favor of the plaintiffs severally for $5,185.05, to each of the plaintiffs John A. and Mabel Ulmer, and $20,736.80 for the plaintiff Smith, each of the plaintiffs to recover of the defendant "one-third of the costs of this suit."

The defendants, at the beginning of the trial, demurred to the evidence on the aforesaid grounds of the demurrer and again when plaintiff rested, renewed their objection and asked the court to dismiss the petition of the plaintiffs upon those grounds as well as for other reasons. And again, after plaintiffs had reopened their case for further evidence, the defendants at the conclusion thereof renewed their objection and motion. The grounds of the demurrer as to misjoinder were renewed also in the motion of the defendants for a new trial. From the "finding, orders, judgments and decree of the Court of Common Pleas" the defendants appeal to this court on questions of law, the first assigned error being that the Court of Common Pleas erred in overruling the demurrer to the third amended petition, the first two grounds of which are as aforementioned.

If the Ulmers and Smith can be joined as parties plaintiff, and their respective causes of action can be joined and prosecuted as a single cause of action, it must be possible only because of Section 11254, General Code, which provides that:

"All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs except as otherwise provided."

There are no "otherwise provided" statutory exceptions applicable to the question here presented.

Accordingly the problem is what was the "subject of the action?" It is the contention of the plaintiffs that the proceeds of the sale rather than the shares of stock owned by them respectively is the "subject of the action" because, it is said, if a judgment were entered in favor of each of them for the alleged wrongful sale of his stock, each is entitled to participate *pro rata* in the proceeds of the sale of all of the stock. Each of the three alleged causes of action relate separately and distinctly to the ownership and wrongful sale of the stock of the individual plaintiffs and a judgment is sought by each of them for the specific sum claimed to be due him. No joint ownership or interest in the stock of the respective plaintiffs is pleaded as would warrant a single judgment for a single wrongful act committed by the defendants. The respective causes of action are similar in the facts alleged but differ not only in the subject thereof but in the judgments to be rendered if severally sustained by the evidence, and the findings of the court or jury, as the case may be, accord therewith. There is no such concert of relation between them as would create a single cause of action or support a single judgment. The sixth paragraph of the syllabus in *Taylor* v. *Brown,* 92 Ohio St., 287, 110 N. E., 739, is applicable in principle and, if authority is necessary, decisive of the question under consideration.

The judgment of the Court of Common Pleas is therefore reversed and the cause remanded thereto with directions to sustain the demurrer and for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and CARPENTER, JJ., concur.