## BLANTON, Admr., Plaintiff-Appellant, v SISTERS OF CHARITY, et, Defendants-Appellees.

Ohio Appeals, First District, Hamilton County.

No. 6887. Decided January 26, 1948.

Walter K. Sibbald and Irwin I. Aronoff, Cincinnati, for plaintiff-appellant.

Leo J. Brumleve, Jr., and Messrs. Galvin, Tracy, Geoghegan, Levy & Milliken, Cincinnati, for defendants-appellees.

## OPINION

By HILDEBRANT, J.:

The sole question for decision in this law appeal here under consideration is whether a doctor, who was the operating surgeon, and a hospital, organized not for profit and for charitable purposes only, wherein the operation was performed, may be sued as joint tort feasors for their separate negligence in the post-operative care of the patient, a minor child, who was permitted to bleed to death following a tonsilectomy.

The lower court sustained a demurrer on the ground of misjoinder of parties defendant, and the plaintiff, refusing to plead further, dismissed the petition.

The amended petition, here under consideration on demurrer contains the following allegations:

"Plaintiff says that the defendant, Matthew M. Applegate, in the performance of his employment as aforesaid, failed to exercise due and ordinary skill, care and attention in the particulars following:

"(1)   That said defendant, before performing said operation, failed to obtain adequate laboratory data necessary to the determination of the true physical condition of the decedent.

"(2)   That said defendant, after removing the tonsils of the deceased, failed to render such continued further care and treatment as the necessity of the condition of the decedent required.

"(3)   That said defendant, after he knew the decedent had suffered a hemorrhage and was bleeding profusely, failed to render unto his said patient any care or attention until the loss of blood caused his death.

"(4)   That said defendant, after he knew the decedent had suffered a hemorrhage and was bleeding profusely, for a period of about two hours, failed to attend his patient and in that interim requested other persons, who are unknown to plaintiff and whom the said defendant believed to be incompetent, to render care and attention to his patient.

"Plaintiff further says that the defendant, Sisters of Charity, of Cincinnati, Ohio, in furnishing hospital services to the decedent as aforesaid, failed to exercise skill, care, diligence and attention in the particulars following:

"(1)   That said defendant, after it knew, or in the exercise of proper care should have known, said decedent had suffered a hemorrhage and was bleeding profusely, failed to promptly notify the defendant, Matthew M. Applegate, that such condition of his patient existed.

"(2)   That said defendant, after it knew, or in the exercise of proper care should have known, said decedent had suffered a hemorrhage and was bleeding profusely, failed to furnish to said decedent proper care and attention and the use of its hospital facilities in time to prevent its said patient from bleeding to death.

"(3)   That said defendant was negligent in employing nurses and attendants who were unskilled, incompetent and unfit for such employment, and in retaining them in its employ throughout the time mentioned in this amended petition, and in permitting them to attend said decedent."

In testing this amended petition, on demurrer, the plaintiff is entitled to a liberal construction thereof and the benefit of every inference reasonably deducible therefrom."

There is considerable conflict of opinion as to what constitutes a joint tort.

We note at the outset that the allegations of the amended petition here are of neglect as distinguished from wilful tort.

Referring to negligent injuries, it is stated in **39 O. Jur., 236-237**:

" 'The authorities are, perhaps, not agreed beyond this, that where two or more owe to another a common duty and by a common neglect of that duty such other person is injured, then there is a joint tort with joint and several liability.'' If an injury is the result of a neglect to perform a common duty resting on two or more persons, although there may be no concert of action between them, a person injured may elect to sue all parties owing the common duty, or each separately, depending on whether he treats the liability as joint or separate. The 'common duty' referred to in this rule, must not be misunderstood. It may be merely the duty of two or more persons to exercise due care; if they fail in such duty and their negligent acts concur in producing the injury, there is a joint liability."

In **30 O. Jur., 769**, the Ohio rule is stated to be:

"Stated broadly, the rule in Ohio is that if an injury is the result of neglect to perform a common duty resting on two or more persons, the injured party may, at his election, sue all of the parties owing the common duty jointly, or sue each separately, although there may have been no concert of action between them."

Under the facts here alleged the defendants were collaborating in closest concert in a common enterprise so that from the relation each bore to the patient a duty arose running directly to each participant, and for the violation or neglect of which, resulting in injury, a primary liability would flow direct to each, which neither could escape by showing the other to be also guilty of a wrong.

As pertinent here, we cite the language in **Transfer Co. v Kelley, 36 Oh St**, at page **90**:

"* * * the wrongful acts of the defendants below, the railroad company and the transfer company, were not only concurrent in point of time and place, but in such manner that the wrongful act of each was a direct and proximate course.

of the injury complained of by the plaintiff; and this being so, it matters not whether the act of each, without the concurrence of the other, would have produced the injury, or, that the negligence of neither would have caused it without such concurrence; so that upon general principles and reason both or either ought to make compensation therefor. The general rule undoubtedly is, that where damage is caused by the joint or concurrent wrongful acts of two or more persons, they may be prosecuted therefor jointly or severally."

Also **Dash v Fairbanks, Morse & Co., 49 Oh Ap, 57**, at page 64 (quoting from 62 C. J. 1133, section 45):

" 'While there is language in some decisions to the effect that concert of action is necessary, at least in the case of willful torts, as a general rule where the separate and independent acts of several tort-feasors, especially where such acts are negligent, combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone might not have caused it. It has been said that to make tort-feasors liable jointly there must be some sort of community in the wrong doing, and the injury must be in some way due to their joint work, but it is not necessary that they be acting together or in concert if their concurring negligence occasions the injury.' "

The allegations in the amended petition bring it within the holding in the first paragraph of the syllabus of **Lakeside Hospital v Kovar, 131 Oh St, 333**, so that the following statement in **Maloney v Callahan, 127 Oh St, 387**, at pages 391 and 392 is directly applicable to the amended petition here:

"The petitions allege acts of concurrent negligence of a similar character on the part of both defendants, jointly contributing to and proximately causing the collision and resulting injuries, which allegations on their face make such defendants properly joinable in the same action."

Without the support of the citations above set forth, **Wery v Seff, et al., 136 Oh St, 307**, paragraph 5 of the syllabus, would seem decisive of the case:

"When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and

severally liable, even though there is no common duty, common design or concerted action."

The judgment of the Court of Common Pleas is, therefore, reversed and the cause remanded for further proceedings according to law.

MATTHEWS, PJ, ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.