**LEEKER, Plaintiff-Appellant, v. KOEHLKE, Defendant-Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6983. Decided October 11, 1948.

Long & Bloom, Cincinnati, for plaintiff-appellant.
Robert G. McIntosh, Cincinnati, for defendant-appellee.

## OPINION

By ROSS, J.:

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County, in favor ·of the defendant.

The automobiles ·of the parties collided at the interception of Langdon Farm Road with Montgomery Pike. The plaintiff testified the defendant was driving his automobile south-·wardly on Montgomery Pike at an unlawful speed, through a red light, and struck the vehicle driven by defendant, when, although the traffic light was in favor of plaintiff, he had stopped in order to permit the defendant to pass, and that the plaintiff's vehicle was struck while so lawfully in Mont-·gomery Pike, and so stopped therein.

The defendant testified he was driving southwardly on Mont-·gomery Pike at a lawful speed and that the traffic light was in his favor as he reached a point where Langdon Farm Road intercepts Montgomery Pike, when the plaintiff unlawfully interposed his vehicle in his path, in that plaintiff came into Montgomery Pike when the traffic light was against the plaintiff. Defendant also testified that as he neared the traffic light it was amber and that when it turned to green in his favor he increased the speed of his car to not more than 35 miles per hour. The presumptive limit of reasonable speed on Montgomery Pike at the point of collision is 35 miles per hour. The defendant testified that the plaintiff's car was much farther out in Montgomery Road than the position fixed by plaintiff. Defendant also stated that plaintiff's car was moving when he first saw it some fifty feet ·away, but plaintiff had stopped when the defendant was some twenty feet away; the right front fender and grill of the defendant's car striking the left front fender and bumper of plaintiff's car, that when defendant saw plaintiff had stopped, defendant applied the brakes of his car and slid some fifteen feet.

The plaintiff claims the court committed error when he ·stated in the general charge: "There has been some testi-

mony which might tend to show that whatever evidence or damage the plaintiff may have sustained was caused by his own negligence and that the defendant was in no respect negligent."

The phrase "might tend to show" applies to the negligence of the defendant and contributory negligence of the plaintiff. As to neither does the court assume the proof or existence of a fact, such as was the case in **Plotkin v. Meeks, 131 Oh St, 493.** No error, prejudicial to appellant appears in this portion of the charge.

The plaintiff assigns as error the following statement in the general charge:

"The burden of proving contributory negligence is upon the defendant. If you find by a preponderance of the evidence that the plaintiff's own evidence raises a presumption that immediately before or at the time of the accident in this case he was not in the exercise of ordinary care, then the burden is upon him to remove that presumption by evidence of equal weight and value."

This charge is affirmatively incorrect and omits statements in favor of the plaintiff, which it should contain.

It will be noted that the court said "If you find by a preponderance of the evidence that plaintiff's own evidence" etc., and then later—"then the burden is upon him to remove that presumption by evidence **of equal weight and value.**" (Emphasis ours.)

In other words, the jury is instructed that the duty rests upon the plaintiff to remove any presumption of negligence arising from his own evidence—by the preponderance of the evidence that is "by evidence of equal weight and value." This is not the law. **29 O. Jur., p. 664, "Negligence", Section 170; Knabb, Admr. v. Scherer, 45 Oh Ap, 535, 539.**

The charge omits a statement also that in removing or rather meeting such presumption, the plaintiff is entitled to the benefit of all the evidence in the case, including that of the defendant. Id.

No request was made for an answer to any special interrogatory, and this Court is, therefore, unable to say upon what issue the jury founded its verdict in favor of the defendant. No error appears prejudicial to plaintiff-appellant on the issue of negligence.

The rule stated in **Winkler v. City of Columbus, 149 Oh St, 39,** applicable to errors on the issue of negligence is not here involved, and the rule applicable to error where multiple issues are involved and errors occur to the prejudice of ap-

pellant only upon one issue applies. Under the so-called "Two Issue Rule" the sole error being upon the charge on the issue of contributory negligence (Nothing being present to test the verdict in favor of defendant) cannot result in a reversal of the judgment. There is nothing in the record to indicate that the jury in its deliberations ever reached the issue of contributory negligence.

Some complaint is also made that the court charged upon the proper or reasonable speed on Langdon Farm Road, and that there is no evidence that plaintiff was guilty of excessive speed. This again would be error involving the issue of contributory negligence and the "Two Issue" rule would again apply.

The judgment must, therefore, be affirmed.

ROSS & HILDEBRANT, JJ, concur in syllabus, opinion & judgment.

MATTHEWS, PJ, concurring in separate memorandum.

MATTHEWS, PJ, (concurring):
Certainly, the charge on the burden of proving contributory negligence is not beyond criticism. Unquestionably, its meaning is doubtful. I am not persuaded, however, that a construction must be given to it which would make it affirmatively erroneous. As in any event, the application of the two issue rule requires an affirmance of the judgment, I think the Court should refrain from deciding whether substantial prejudicial error is shown in that respect.